IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID RAPHAEL RIPLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS,<br>LEMON CREEK CORRECTIONAL<br>CENTER,<br><br>    Defendant. | Case No. 3:06-cv-00136-TMB<br><br>ORDER PERMITTING<br><u>AMENDED COMPLAINT</u> |

David Raphael Ripley, a self-represented state prisoner, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that Lemon Creek Correctional Center has violated the rights of its inmates by requiring inmates to obtain a GED or lose privileges, housing misdemeanants and felons together without a written waiver, failing to provide jobs for inmates, and wrongfully obtaining inmates' school records.[1]

Because Mr. Ripley is a prisoner proceeding without prepayment of fees, however, the Court must screen his complaint, and must dismiss if the action "(i) is

---

[1] *See* Docket No. 1.

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[3] Before a court may dismiss Mr. Ripley's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[4]

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. Ripley's burden, as the plaintiff, to establish that this Court has jurisdiction to hear the claims.[5] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct

---

[2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[3] *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (*pro se* prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

[4] *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

[5] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[6] This Court is not a court of appeals for state court decisions. That is, Mr. Ripley cannot appeal an adverse state court decision to this Court.

Further, **a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees, unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."**[7] Therefore, Mr. Ripley is warned about the following deficiencies in his complaint.

### State Immunity

Mr. Ripley has brought suit against the Department of Corrections, Lemon Creek Correctional Center.[8] However, "[t]he Eleventh Amendment prohibits federal

---

[6] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[7] 28 U.S.C. § 1915(g).

[8] *See* Docket No. 1 at 1. *See also* page 2, on which Mr. Ripley states that LCCC is the defendant, and is employed as the superintendent, who is named as Scott Welland. If Mr. Ripley intends Mr. Welland to be the defendant, he must name him as the defendant in the caption on the first page of his complaint.

courts from hearing suits brought against an unconsenting state."[9]  States are not "persons" for purposes of § 1983.[10]  Thus, section 1983 claims against states are considered legally frivolous.[11]

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.[12]  **Except for suits filed against state officials, the Eleventh Amendment bars suit regardless of the relief sought.**[13]  Therefore, Mr. Ripley's action against the Department of Corrections, LCCC, is barred by Eleventh Amendment immunity.

Prisoner Rights

Although federal courts often receive complaints from prisoners who want education and/or rehabilitation, Mr. Ripley is in the unusual position of arguing that inmates at LCCC are being encouraged and/or "forced" to obtain an education, or

---

[9] *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 66 (1996).

[10] *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[11] *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

[12] *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

[13] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990).

be faced with the loss of privileges, or being removed from the general population.[14] It is well settled that inmates have no constitutional *right* to an education.[15] The Due Process Clause applies only when a constitutionally-protected liberty or property interest is at stake.[16] As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[17]

Although states may create liberty interests which are protected by the Due Process Clause, these interests are generally limited to freedom from restraint which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[18] Because the Due Process Clause itself does not grant prisoners a liberty interest in remaining in the general prison population, in retaining

---

[14] *See* Docket No. 1 at 3.

[15] *See Rizzo v. Dawson*, 778 F.2d at 530-31.

[16] *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United* States, 67 F.3d 858, 861 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995).

[17] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

[18] *Sandin*, 515 U.S. at 484; *see also Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995).

privileges,[19] or in a change in classification,[20] it would seem that Mr. Ripley has no federal claim regarding obtaining the receipt of an education in prison.

Mr. Ripley also complains that the prisoners "are not allowed to have jobs."[21] Prisoners have no federal right to rehabilitation or employment.[22] "A due process claim is cognizable only if there is a recognized liberty or property interest at stake. ... [T]o the extent [a prisoner's] due process claim is based on a property interest in [a] program, 'his claim ... lacks substance in law and fact because there is no

---

[19] *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976).

[20] *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976) (noting that the Due Process Clause does not create a liberty interest in a particular classification); *Duffy v. Riveland*, 98 F.3d 447, 457 (9th Cir. 1996); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987); *see also McGinnis v. Stevens*, 543 P.2d 1221, 1237 (Alaska 1975) ("decisions of prison authorities relating to classification of prisoners are completely administrative matters regarding which an inmate has no due process rights beyond the expectation of fair and impartial allocation of the resources of the prison system to its charges. As an extension of the state, the Division of Corrections must administer Alaska's prisons in a manner which is neither arbitrary nor vindictive. However, resource allocation is an executive concern involving many day to day decisions which necessitate that court interference be kept to a minimum.") .)

[21] Docket No. 1 at 3.

[22] *See Baumann v. Arizona Dept. Of Corrections*, 754 F.2d 841, 845 (9th Cir. 1985), *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982).

constitutional right to rehabilitation.'"[23]  Mr. Ripley, however, may have a **state** constitutional right to rehabilitation.[24]

### Protection of Prisoners

Mr. Ripley also alleges that misdemeanants and felons are housed together without written waivers.  Prisoners are entitled to be protected from bodily harm.[25] "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."[26]  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.[27]  Mr. Ripley has not alleged that he is in harms way because of the

---

[23] *Coakley v. Murphy*, 884 F.2d 1218, 1220, 1221 (9th Cir. 1989), quoting *Rizzo*, 778 F.2d at 530-31, and citing *Board of Regents v. Roth*, 408 U.S. 564 (1972).

[24] *Brandon v. State,* 938 P.2d 1029, 1032 (Alaska 1997) (citing *Abraham v. State,* 585 P. 2d 526, 530-33 (Alaska 1978), and Alaska Const. art. I, § 12).

[25] *See Estate of Amos v. City of Page, Arizona*, 257 F.3d 1086, 1090 (9th Cir. 2001) ("the 'special relationship' exception [to the general rule that a state's failure to protect an individual from danger does not constitute a violation of the Due Process Clause] states that 'when the State takes a person into its *custody* and holds him there against his will, the Constitution imposes some responsibility for [that person's] safety and general well-being.'"), quoting *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058-59 (9th Cir.1998).

[26] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982) (citation omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

[27] *See Farmer*, 511 U.S. at 834; *Willis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995).

deliberate indifference of prison officials to serious threats of bodily harm to Mr. Ripley.

To demonstrate that a prison official was "deliberately indifferent" to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[28]  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.[29]

The United States Supreme Court has explained as follows:

> In particular, as the lower courts have uniformly held, and as we have assumed, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (CA1) (internal quotation marks and citation omitted), cert. denied, 488 U.S. 823 (1988); see also *Wilson v. Seiter*, 501 U.S., at 303 (describing "the protection [an inmate] is afforded against other inmates" as a "conditio[n] of confinement" subject to the strictures of the Eighth Amendment).  Having incarcerated "persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct," *Hudson v. Palmer, supra*, 468 U.S., at 526, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the

---

[28] *Farmer*, 511 U.S. at 837.

[29] *See id.* at 841-42.

state of nature take its course.  Cf.  *DeShaney*, *supra*, 489 U.S., at 199-200; *Estelle*, *supra*, 429 U.S., at 103-104.[30]

### School Records

Mr. Ripley has not alleged that prison officials have obtained his school records without his permission, and that his federal rights have been violated as a result.  Mr. Ripley is cautioned that here is no explicit right to privacy under the Federal Constitution.[31]

### Self-Representation

Mr. Ripley states his claims as complaints about actions effecting prisoners in general at LCCC, rather than as specific actions from which he has suffered.[32]  "A litigant appearing in propria persona [representing himself] has no authority to represent anyone other than himself."[33]  Although Mr. Ripley is entitled to represent

---

[30] *Farmer*, 511 U.S. at 833.

[31] *See Myers v. Alaska Psychiatric Institute*, 2006 WL 1792231 (Alaska, June 30, 2006) ("[T]he citizens of Alaska, with their strong emphasis on individual liberty, enacted an amendment to the Alaska Constitution expressly providing for a right to privacy not found in the United States Constitution.").

[32] *See* Docket No. 1 at 3.

[33] *Russel v. United States*, 308 F.2d 78, 78 (9th cir. 1962) (per curiam); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 200 (1993) (there is an assumption, under § 1915, that the person "enjoys the capacity to litigate without counsel"); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (person who is not a licensed attorney may not represent a corporation *pro se*, even where he is the sole shareholder of the corporation); *Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (it would be "plain error to permit" prisoner to

himself, unless he is a licensed attorney, he may not represent a class of prisoners.[34] Mr. Ripley should state claims against specific defendants who have harmed him, rather than other specific prisoners, or prisoners in general.

### Amending Complaint

Mr. Ripley will be given an opportunity to amend his complaint before service. In the amended complaint, he must state, specifically, what individual defendants did or did not do which he believes constitutes a legal wrong **against him**, and what specific relief he seeks from the Court. Because Mr. Ripley is alleging violations of civil rights, the Court has attached a form to assist him in amending the complaint in compliance with this Order.

In completing this civil rights form, Mr. Ripley must give **facts** in support of each claim. Mr. Ripley should state the facts in his own words, as if he were briefly telling someone what happened. The facts must specifically allege **how each defendant** has **harmed him**. Mr. Ripley must **avoid stating conclusions**.

Further, Mr. Ripley should make no reference to the initial complaint or other extraneous documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself

---

represent other prisoners in civil rights class action).

[34] *See Phillips v. Tobin*, 548 F.2d 408, 411 (2nd Cir. 1976) (shareholder may not bring derivative suit, *pro se*, but must be represented by licensed counsel).

without reference to any prior pleading.[35]  This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[36]

**IT IS HEREBY ORDERED:**

1. Mr. Ripley's claims against the Department of Corrections, Lemon Creek Correctional Center are dismissed under 28 U.S.C. § 1915(e)(2)(B).

2. Mr. Ripley may amend his complaint, on or before **August 11, 2006**, to state a cognizable claim for relief against proper defendant(s), **on the enclosed civil rights complaint form.**  Otherwise, his complaint will be dismissed without further notice.

3. The Clerk shall send a copy of this Court's form PS01, Prisoner's Complaint Under the Civil Rights Act, with instructions, to Mr. Ripley with a copy of this Order.

4. In the alternative, Mr. Ripley may file the enclosed notice of voluntary dismissal, without prejudice, on or before **August 11, 2006**.[37]

---

[35] *See* D.Ak.LR 15.1.

[36] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

[37] Filing a voluntary dismissal avoids the risk of a "strike" under 28 U.S.C. § 1915(g) (a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees, unless the prisoner can demonstrate that he or she is in "imminent danger

5. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Ripley with this Order.

6. Mr. Ripley shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

7. No action will be taken on Mr. Ripley's application to waive prepayment of the filing fee, at docket number 2, until Mr. Ripley fully complies with this Order.

8. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Ripley with this Order.

DATED this 7th day of July, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

of serious physical injury").